UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

<table>
<tr><td></td><td>FOR COURT USE ONLY</td></tr>
</table>

IN THE MATTER OF:

    **Michael E. Smalley, Sr.**

S.S.#   **xxx-xx-1224**
             and
    **Betty S. Smalley**

                                  CASE NO.
S.S.#   **xxx-xx-3541**        Debtor(s)     CHAPTER 13
_____/

**CHAPTER 13 PLAN**

[ ] Original *OR* [X ] Modification #   **2**             [ X] pre-confirmation *OR* [ ] post-confirmation

I.     **PLAN PAYMENTS & DISBURSEMENTS**
This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

    A.     The commitment period for this plan is no less than **36** months.
    B.     The debtor shall make payments in the amount of **$3,085.00 Monthly** for **36** months (frequency).
    C.     Plan length: **36** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.
    C. 1.     Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.
    D.     Treatment of claims
        1.     Class One - Administrative Expenses
            a.     *Trustee fees* as determined by statute.
            b.     *Attorney fees and costs*: An agreed fee of $ **(*see below)** less amount paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **(*see below)** plus costs advanced in the amount of $ **(*see below)** which totals $ **(*see below)** . Said sum to be paid at the rate of $ **(*see below)** per month.

            c.     *Other:* **\*ALL POST CONFIRMATION ATTORNEY FEES, IF ANY, SHALL BE PAID AS A CLASS ONE ADMINISTRATIVE EXPENSE.\*CONSISTENT WITH THE 2016(b)**
**STATEMENT AND THE DEBTORS' RETAINER AGREEMENT WITH CHIMKO & ASSOCIATES, DEBTOR'S ATTORNEY INTENDS TO FILE A FEE APPLICATION FOR PRE-CONFIRMATION SERVICES. HOWEVER, DEBTOR'S ATTORNEY MAY ELECT TO TAKE THE CHAPTER 13 "NO LOOK FEE" INSTEAD (PRESENTLY $3,000.00 FOR PRE-CONFIRMATION SERVICES). THIS DECISION WILL BE MADE AT THE TIME OF CONFIRMATION. SHOULD DEBTOR'S ATTORNEY NOT ELECT TO ACCEPT THE CHAPTER "NO LOOK FEE", AND CHOOSE TO FILE AN APPLICATION FOR FEES, THEN FOR 30 DAYS FOLLOWING THE ENTRY OF THE ORDER CONFIRMING PLAN, THE TRUSTEE SHALL HOLD FROM DISTRIBUTION THE SUM OF $3,500.00 AS A FUND FOR THE PAYMENT OF THE ATTORNEY FEES AND COSTS THAT SHALL BE DETERMINED BY THE COURT PURSUANT TO 11 U.S.C. § 330 AND LBR 2016-2 (EDM). IF NO FEE APPLICATION HAS BEEN FILED AND SERVED WITHIN THIS 30 DAY PERIOD, THE RESERVED FUNDS MAY BE RELEASED FROM DISTRIBUTION TO CREDITORS. IF A FEE APPLICATION IS TIMELY FILED, THE TRUSTEE SHALL CONTINUE TO WITHHOLD THE $3,500.00 SUM UNTIL AN ORDER RESOLVING THE FEE APPLICATION HAS BEEN ENTERED WITH THE COURT. AT THAT TIME, THE TRUSTEE SHALL DISTRIBUTE THE WITHHELD FUNDS ACCORDING TO THE TERMS OF THE PLAN AND THE ORDER GRANTING/DENYING FEES.**

Software Copyright (c) 1996-2005 CCH INCORPORATED - www.bestcase.com

2. __Class Two - Continuing Claims__: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

       a.      Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **CitiMortgage, Inc.**<br>**1150 Losey Road**<br>**Rives Junction, MI 49277** | **1,170.71** |
| **OneMain Financial - 2nd mortgage: shall be treated as wholly unsecured as debtors are filing an adversary proceed to strip this lien** | |
| **GE Capital Retail Bank** | **$49.00** |
| | **\*Direct by Debtors as debtors are current\*** |

3.      __Class Three - Executory Contracts and/or Unexpired Leases__ [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

       a.      Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| -NONE- | | | |

       b.      Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| -NONE- | | | |

4.      __Class Four - Arrearage on Continuing Claims__ [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| CitiMortgage, Inc.<br>1150 Losey Road<br>Rives Junction, MI 49277 | 19,901.37 | 0% | 552.82 | 36 |

5.      __Class Five - Non-continuing Secured Claims__: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

a. __Purchase Money Security Interest in Personal Property.__ Secured claims other than those listed in Classes Two, Four, and Five b., on which the last payment will become due within the Plan duration.

2

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Monthly Adequate Protection Payment | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|---|

b. Other Secured Claims

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| Santander Consumer USA, Inc. 2002 Chevrolet Suburban | *Direct by Debtors as debtors are current* | Per contract | Per contract | Per contract | Per contract | Per contract |
| Wells Fargo Financial Acceptance 2003 Chevrolet Trailblazer | *Direct by Debtors as debtors are current* | Per contract | Per contract | Per contract | Per contract | Per contract |

6.  Class Six - Priority Unsecured Claims

a. Non-Assigned Domestic Support Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|

b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|

c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| -NONE- | | |

7.  Class Seven - Special Unsecured Claims shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

8.  Class Eight - General Unsecured Claims shall be paid a pro-rata base sum of **no less than $37,012.92.** The plan shall continue for the length stated or as long as necessary to yield the base sum, whichever yields the greater amount to unsecured creditors.

9.  Other Provisions: This is a pro-rata base plan for **$37,012.92**, rather than a percentage plan.

3

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com

12-58830-wsd    Doc 31    Filed 10/16/12    Entered 10/16/12 14:59:40    Page 3 of 7    Best Case Bankruptcy

## II. GENERAL PROVISIONS

**A.** **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
I.D.5.a, I.D.8., I.D.9., II.F., I.L., II.N.

**B.** **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

**C.** **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

**D.** **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

**E.** **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

**F.** **PROOFS OF CLAIM FILED AT VARIANCE WITH THE PLAN**: In the event that a proof of claim is filed and allowed that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, valuation of collateral and classification of the claim.

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to valuation or any other contractual term.

3. If a proof of claim is filed that is at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise in this Paragraph F or by order of Court.

4. As to any secured claim specified in Class 2 or Class 5 for which the Plan proposes to "strip" the lien and treat the claim as wholly unsecured pursuant to 11 USC Section 506 and 11 USC Section 1322, entry of the Order Confirming Plan shall control the classification of any Proof of Claim filed regarding the claim for which the lien is being stripped and such proof of claim will be classified as a Class 8 unsecured claim, but the Proof of Claim shall control as to the amount of the allowed Class 8 unsecured claim. Upon entry of a discharge, the creditor whose lien is "stripped" shall at its own cost and expense execute and deliver to Debtor a satisfaction or release of the lien, in recordable form. Debtor shall be responsible for and shall bear any cost associated with the recording of that satisfaction or release in the applicable public records.

5. A proof of claim or interest shall be deemed filed under 11 USC Section 501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan.

**G.** **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
-NONE-

**H.** **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed AND incurs trade credit in the production of income from such employment.
1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.
2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

4

I. **ORDER OF PAYMENT OF CLAIMS**: Class One a. and b. claims shall be paid in advance of all claims, Class One c. claims in advance of all others, then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

## N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 100,000.00 | 162,466.83 | 0.00 | 0.00 | 0.00 |
| VEHICLES | 12,825.00 | 6,941.70 | 5,883.30 | 5,883.30 | 0.00 |
| HHG/PERSONAL EFFECTS | 4,165.00 | 0.00 | 4,165.00 | 4,165.00 | 0.00 |
| JEWELRY | 100.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| CASH/BANK ACCOUNTS | 3,020.00 | 0.00 | 3,020.00 | 3,020.00 | 0.00 |
| OTHER | 500.00 | 0.00 | 500.00 | 500.00 | 0.00 |

Amount available upon liquidation     $     0.00

Less administrative expenses and costs     $     0.00

Less priority claims     $     0.00

Amount Available in Chapter 7     $     0.00

Michelle A. King P72429
Attorney for Debtor
**Chimko & Associates, P.C.**
**26212 Woodward Avenue**
**Royal Oak, MI 48067**

dmengel@chimkolaw.com
(248) 284-1661 Fax:(248) 284-1686

Phone Number

/s/ Michael Smaelly
Michael E. Smalley, Sr.
Debtor

/s/ Betty Smalley
Betty S. Smalley
Joint Debtor

10-15-2012

Date

6

## WORKSHEET

1. Length of Plan is _____ weeks; **36** months; _____ years.

   Debtor #1:

2. $ **3,085.00** per pay period x **36** ( Monthly ) pay periods per Plan = $ **111,060.00** total per Plan

   Debtor #2:

   $ _____ per pay period x _____ ( ) pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums:                                       **0.00**

5. Equals total to be paid into the Plan          **111,060.00**

6. Estimated trustee's fees          **7,500.00**

7. Attorney fees and costs          **4,500.00**

8. Total priority claims          **0.00**

9. Total installment mortgage or
   other long-term debt payments          **42,145.56**

10. Total of arrearage
    including interest          **19,901.37**

11. Total secured claims,
    including interest          **0.00**

         Total of items 6 through 11          $          **74,047.08**

12. BASE Funds available for unsecured creditors (item 5 minus item 11)      $      **37,012.92**

13. Total unsecured claims (if all file)      $      **66,831.24**

14. Estimated BASE FUNDS to unsecured creditors under Plan (item 12 divided by item 13)      **37,012.92**

15. Estimated dividend to general unsecured creditors if
    Chapter 7, (see liquidation analysis attached)      $      **0.00**

COMMENTS:

7